IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DARLA J. ROBERTS                                                                PLAINTIFF

v.                                   NO. 14-5110

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Darla J. Roberts, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 13, 2011, alleging an inability to work since February 1, 2007,[1] due to depression, degenerative disc disease, spinal stenosis, a right shoulder injury from a motor vehicle accident, and a left leg post-surgery muscular infection. (Tr. 126, 153). An administrative video hearing was held on November 14, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 32-70).

---

[1] The Court notes that Plaintiff, through her counsel, amended her alleged onset date to January 1, 2010. (Tr. 16, 35).

By written decision dated April 3, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the back, obesity, and a disorder of the left lower extremity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl.

(Tr. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant bench assembly position, as she actually performed the job. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on January 27, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 13; Doc. 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.   Discussion:

After reviewing the entire record, the Court's particular concern is the ALJ's determination that Plaintiff could return to her past relevant work in a bench assembly position. (Tr. 25). At step four of the sequential evaluation process, the ALJ must consider whether a claimant's impairments prohibit her from performing her past relevant work. Jones v. Chater, 86 F.3d 823, 826 (8th Cir.1996) (citing 20 C.F.R. § 404.1520(e)). The ALJ will find that a claimant is not disabled if she retains the RFC to perform: (1) the actual functional demands and job duties of a past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers in the national economy. Jones, 86 F.3d at 826 (quoting Social Security Ruling ("S.S.R.") 82–61); See Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir.1990).

A review of the record reveals that at the administrative hearing the vocational expert testified that Plaintiff's "bench assembly work for glasses" would be classified as light, unskilled

work in the Dictionary of Occupational Titles. (Tr. 65). The vocational expert further testified that he thought Plaintiff actually performed this work at the sedentary level of exertion. The ALJ used this testimony in determining that Plaintiff could return to her past relevant work as she actually performed that job. However, a review of the evidence regarding Plaintiff's actual performance of her bench assembly position can be found in a Work History Report dated September 8, 2011, wherein Plaintiff indicated that she worked three and one-half days a week, for twelve hour shifts, where she sat for eleven hours. (Tr. 162-169). As noted above, the ALJ found Plaintiff maintained the RFC to perform sedentary work, which requires the ability to sit for up to six hours in an eight-hour workday, not eleven hours. The record does not support the ALJ's determination that Plaintiff could perform her past relevant work as she actually performed the job. Accordingly, the Court finds remand necessary in order for the ALJ to continue on to Step Five of the Sequential Evaluation Process.

On remand, the Court recommends that the ALJ also more fully explain the weight given to Dr. Robert J. Tomlinson, Jr.'s, one of Plaintiff's treating physician's, medical assessment. In the decision the ALJ stated that he "took note" of Dr. Tomlinson's lift/carry and sit/stand/walk restrictions and found that they were in accordance with the RFC determined. (Tr. 25). However a review of Dr. Tomlinson's medical assessment indicates Plaintiff cannot sit for more than four hours out of an eight-hour workday (Tr. 385), and the ALJ determined Plaintiff could sit for a total of six hours out of an eight-hour workday. The Court believes the ALJ should further explain how sitting for six hours in an eight-hour workday is in line with Dr. Tomlinson's opinion that Plaintiff could only sit for four hours in an eight-hour workday.

The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

IV. **Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, therefore, the denial of benefits to the Plaintiff should be reversed, and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 12th day of June, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE