IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DARLA J. ROBERTS                                                                PLAINTIFF

v.                                          NO. 14-5110

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                  DEFENDANT

## **O R D E R**

Plaintiff, Darla J. Roberts, appealed the Commissioner's denial of benefits to this Court. On June 12, 2015, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 16).  Plaintiff now moves for an award of $5,784.60 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 31.10 attorney hours of work before the Court at an hourly rate of $186.00 for work performed in 2014, and 2015.  (Docs. 17-18).  Defendant filed a response to Plaintiff's application, stating that she does not oppose an award to Plaintiff in the amount requested.  (Doc. 19).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the

1

case for further proceedings is a prevailing party.  After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required;  the novelty and difficulty of questions involved;  the skill required to handle the problems presented;  the preclusion of employment by the attorney due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time limitations imposed by the client or the circumstances;  the amount involved and the results obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case; the nature and length of the professional relationship with the client;  and awards in similar cases.  Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

2

Plaintiff's attorney requests an award under the EAJA for 24.90 hours of attorney work performed in 2014, at an hourly rate of $186.00, and 6.20 hours of attorney work performed in 2015, at an hourly rate of $186.00. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of her requested hourly rate. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit.[1]

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks a total of 2.25 attorney hours for helping Plaintiff complete her application to proceed *in forma pauperis* (IFP). While Plaintiff's counsel indicated that she "walked through completion" of the first IFP form with Plaintiff,

---

[1] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25/hour- 186.00,

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00.

3

due to Plaintiff's failure to adequately explain her finances in this form, the Court was required to seek further explanation of Plaintiff's finances by requiring Plaintiff to complete a second form.  Plaintiff's counsel frequently represents Social Security claimants before this Court and should have known to make sure that Plaintiff completed the first form correctly.  The second form required by the Court would not have been necessary had Plaintiff's counsel more thoroughly reviewed the first form as she indicated that she did.  Therefore the 1.50 attorney hours sought by Plaintiff's counsel for helping Plaintiff complete the second form is denied.

Plaintiff's counsel seeks reimbursement for the following activities:

6/27/2014    SERV.of Process – Green Card Holder 6-25-14 rcvd 6-30-14…0.05,

6/30/2014    SERV.of Process – Green Card Holder 6-20-14 rcvd 6-23-14…0.05,

6/30/2014    SERV.of Process – Green Card Holder 6-19-14 rcvd 6-26-14…0.05,

7/2/2014     E-Mail – ECF retarding (sic) service…0.05.

The Court finds the time submitted is not compensable as it is clerical in nature.  <u>Granville House, Inc. v. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA).  The Court will, therefore, deduct 0.20 hour from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 2.00 attorney hours on September 10, 2015, to prepare the EAJA pleadings.  The Court finds the time sought to be excessive given that the petition and brief appear to be the standard petition and brief submitted by Plaintiff's counsel in social security cases.  The Court will, therefore, deduct 1.00 hour from the total compensable time sought by counsel.

In her response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 23.20 (24.90 – 1.70) attorney hours for work performed in 2014, at hourly rate of $186.00; and 5.20 (6.20 – 1.00) attorney hours for work performed in 2015, at hourly rate of $186.00, for a total attorney's fee award of $5,282.40. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 4th day of December, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE